**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| KENNETH S. BOYER, | ) |
|         Plaintiff, | ) |
| vs. | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) |
|         Defendant. | ) |

## **COMPLAINT**

COMES NOW the Plaintiff, KENNETH S. BOYER, by and through the undersigned attorneys, and files this Complaint stating a cause of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, KENNETH S. BOYER, is an adult resident citizen of St. Charles County, Missouri.

3. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA"), is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5. Effective on or about January 1, 2015, Plaintiff and/or his employer, Konica Minolta Business Solutions, purchased through his employer a contract of salary continuance insurance including long term disability (LTD) benefits (hereinafter "the LTD Plan").

6. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

7. Defendant, LINA, is in possession of all master Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a plan fiduciary without discretion to interpret Plan provisions.

9. On or about September 10, 2017, Plaintiff became totally disabled as defined by the Plan, due to a cerebrovascular accident, transient ischemic attacks, arthritis, and other exertional and non-exertional impairments.

## COUNT I

## BREACH OF CONTRACT

10. Plaintiff re-alleges and reavers each and every allegation contained in Paragraphs 1 through 9, *supra*, as if delineated here.

11. Plaintiff filed a timely application for disability benefits under the Plan.

12. Defendant made a determination on or about December 20, 2017 that Plaintiff was not disabled as defined by the Plan and therefore not entitled to disability benefits.

13. Plaintiff appealed said denial of benefits on or about January 6, 2018.

14. On or about January 16, 2018, Defendant acknowledged receipt of Plaintiff's appeal.

15. On or about March 26, 2018, Defendant upheld its previous decision to deny Plaintiff's disability benefits.

16. On or about June 25, 2018, Plaintiff submitted a second appeal for the denial of disability benefits.

17. Defendant upheld its decision to deny Plaintiff's claim for disability benefits on or about August 7, 2018.

18. Plaintiff remains totally disabled from employment, as defined by the Plan, due to cerebrovascular accident, transient ischemic attacks, arthritis, and other exertional and non-exertional impairments.

19. Plaintiff has exhausted all administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

20. Each of the Defendant's denials of Plaintiff's claims for LTD benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits under the terms of the Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: June 21, 2019.

*/s/ Nick A. Ortiz*
Nick A. Ortiz
Florida Bar No. 12699
Ortiz Law Firm
823 East Jackson Street
Pensacola, FL 32501
(850) 308-7833(P)
(850) 208-3613 (F)
nick@ortizlawfirm.com

*/s/ Katelyn L. Hauser*
Katelyn L. Hauser
Florida Bar No. 0127560
Ortiz Law Firm
823 East Jackson Street
Pensacola, FL 32501
(850) 308-7833 (P)
(850) 208-3613 (F)
kate@ortizlawfirm.com